**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**FLOSSIE A. BERKINS,**     CASE NO.:

    **Plaintiff,**

v.

**LOUIS DEJOY, as**
**POSTMASTER GENERAL,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, FLOSSIE A. BERKINS, hereby sues Defendant, LOUIS DEJOY, as POSTMASTER GENERAL, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981a. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights claim jurisdiction).

2. This is an action involving claims which are, individually, in excess of Seventy- Five Thousand dollars ($75,000.00).

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, FLOSSIE A. BERKINS, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her race (African American) and gender (female), and she was retaliated against after reporting Defendant's unlawful employment practices.

4. At all times pertinent hereto, Defendant, LOUIS DEJOY, POSTMASTER GENERAL, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, an African American woman, began her employment with Defendant in or about September 1998, and held the position of City Carrier at the time of Defendant's last act of discrimination in 2019/2020.[1]

---

[1] The discrimination and retaliation against Plaintiff have been ongoing and she has an additional EEO proceeding pending due to recent events that have adversely affected her employment.

7.      Despite her stellar work performance during her employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, was held to a different standard because of her race (African American) and gender (female), was held to a different standard because she reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

8.      The disparate treatment and retaliation came at the hands of specifically but not limited to Postmaster Daniel Becker ("Daniel"), a white male, and Plant Manager Patricia Becker ("Patricia"), a white female.

9.      During Plaintiff's employment with Defendant, Defendant fostered an abusive and offensive work environment by creating a feeling of tension among African American employees and feelings that white superiors did not want them to get promoted, which Defendant failed to correct.

10.     By way of example, Plaintiff, Jeanie Green, Darren Walker, Emmanuel Godfrey, Teresa Boyd, and Jhikecia Hale, all African American employees of Defendant, have lost out on jobs and promotions within Defendant to less qualified, white employees, including but not limited to Matthew Wisecarver ("Wisecarver"), Robin Anderson-Walters ("Anderson-Walters"), Troy Taylor ("Taylor"), and Ronald Collins ("Collins").

11. During Plaintiff's employment with Defendant, Defendant fostered an abusive and offensive work environment by creating an environment in which discipline for African Americans was extremely harsh.

12. By way of example, Defendant has taken African American employees off the clock for months without pay for minor infractions, whereas Anderson-Walters was not taken off the clock for delaying Amazon and priority parcels, failing to complete required daily tasks as a supervisor, and failing to send outgoing mail before leaving work, infractions of a similar, if not greater, severity than those African Americans were punished for.

13. Furthermore, Defendant discriminates against its female employees, including Plaintiff, by providing male employees with more opportunities for advancement. By way of example, on October 2019, Defendant employed only three (3) female Supervisors in comparison with its approximately seven (7) male supervisors notwithstanding the fact that females sought promotional opportunities and were, in some instances, more qualified than male applicants.

14. On or about October of 2019, Plaintiff was selected for promotion to the Closing Customer Service Supervisor position by Station Manager John Power ("Power") and told she would start in her new position on October 12, 2019. Defendant sent out e-mails announcing Plaintiff's promotion to Defendant's employees.

15. On or about October of 2019, Defendant discriminated against Plaintiff on the basis of her race and gender when Postmaster Daniel Becker ("Becker") failed to promote Plaintiff despite her qualifications and selection. Defendant promoted Matthew Wisecarver, a white male, instead. Wisecarver had less Supervisor experience than Plaintiff.

16. Defendant knew its failure to promote Plaintiff would put her in a worse position than before her promotion because it knew that the mail industry's union was planning to take over her mail route, leaving her not only without a promotion, but in a worse position than she started in because she would have no assigned route. Becker stated to Plaintiff's immediate supervisor, Jeanie Green (African American), "I guess she'll be an unassigned regular [mail carrier]."

17. On or about October 22, 2019, Plaintiff filed an EEO complaint to report Defendant's disparate treatment.

18. On or about October of 2019, Defendant retaliated against Plaintiff for her EEO complaint. By way of example, Becker stated to Defendant's employees that, "[Plaintiff] would never [get promoted to the Closing Customer Service Supervisor position] as long as [Daniel was] in Tallahassee as the Postmaster." By way of further example, Becker completely stopped any advancement opportunity for Plaintiff.

19. On or about December 3, 2019, Plaintiff and Defendant mediated their dispute over Plaintiff's denied promotion and reached a Settlement Agreement that was recorded on a Settlement Agreement Form. The Settlement Agreement stated that in exchange for Plaintiff's withdrawal of her EEO complaint, Defendant agreed that (1) a specifically named Plant Manager (Becker) would oversee an individualized training program for her with web-based trainings; (2) she would receive an individual consultation with the plant manager (Becker); and (3) she would be given a temporary assignment at the Tallahassee General Mail Facility as a 204B.

20. On or about December 2019, Defendant retaliated against Plaintiff by breaching the Settlement Agreement on every term. Defendant did not provide her with an individualized training program, an individualized consultation with the named Plant Manager, or the temporary assignment at the Tallahassee General Mail Facility as a 204B.

21. On December 14, 2019, Defendant completed an Assignment Order (Form 1723) to effectuate Plaintiff's move from her City Carrier position to a Supervisor, Distributions Operations, with a Rate Schedule E, Level 17 (204B assignment). The form stated that the assignment end date would be March 1, 2020.

22. On or around December 2019, Defendant transferred Becker from the Tallahassee General Mail Facility to the Gainesville General Mail Facility. As a

result, Becker did not provide or oversee an individualized training program for Plaintiff, including any web-based training program. Instead, some training was provided by another station manager and the Acting Postmaster offered Plaintiff one (1) book and shared a list of training from several years earlier.

23. On January 10, 2020, Plaintiff reported to Defendant in a letter that it was in breach of the Settlement Agreement. Plaintiff reported specifically and without limitation that she was not provided an individualized training program, she did not have individualized consultation with the named Plant Manager, and she was not given the temporary assignment at the Tallahassee General Mail Facility as a 204B. She further reported that the training she did receive was interrupted by Defendant's instructions to deliver parcels. She further reported that the form 1723 was not timely prepared, which caused her to not get paid for performing higher level work.

24. In this same letter, Plaintiff requested relief from Defendant for its breach of the Settlement Agreement in the form of a permanent position and monetary compensation from the date on which her 204B appointment was supposed to start (October 12, 2019).

25. In response to Plaintiff's complaint, Defendant claimed that Becker's transfer to Gainesville would have made it difficult or impossible for him as the named Plant Manager to personally train or oversee Plaintiff. Defendant also

7

claimed that it gave Plaintiff adequate training. Defendant further claimed that the Settlement Agreement did not reference the Form 1723 for her 204B Plant training assignment and did not contain any information regarding who would be responsible for completing the form or by when the Form 1723 was to be completed. Unbelievably, on or about February 7, 2020, Defendant found that it was in compliance with the terms of the settlement agreement into which the parties entered; thus, Defendant issued a decision that concluded there was no violation of the settlement agreement.

26. Plaintiff appealed the Final Agency Decision to the EEOC. On appeal on September 21, 2020, the EEOC found (1) Plaintiff provided sufficient evidence to substantiate her breach claims; and (2) that Defendant had not cured the breach. The EEOC cited these reasons as the basis for Defendant's breach: (1) Defendant created the changed circumstances that resulted in Daniel's inability to oversee Plaintiff; and (2) the Settlement Agreement did in fact require a temporary assignment as a 204B, and Defendant failed to implement the necessary paperwork which resulted in Plaintiff not being paid for her work from December 8, 2019 through December 13, 2019.

27. The EEOC determined that although Defendant was in breach, the Settlement Agreement should be set aside for lack of consideration from Plaintiff. The EEOC remanded the matter to Defendant to prepare an investigative file in

accordance with 29 C.F.R. § 1614.108, and thereafter turn all its findings over to Plaintiff to maintain her right to bring this civil action, which she has done herein.

28. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

29. Paragraphs 1 through 28 are re-alleged and incorporated herein by reference.

30. This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981.

31. Plaintiff has been the victim of discrimination on the basis of her race in that she was treated differently than similarly situated white employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of her race.

32. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

33. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

34. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

35. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

36. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

37. The events set forth herein led, at least in part, to Defendant's failure to promote Plaintiff based on contrived allegations and other adverse actions set forth above.

38. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §2000e et seq.

39. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of

enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to equitable/injunctive relief and compensatory damages.

## COUNT II
## SEX DISCRIMINATION

40. Paragraphs 1 through 28 are re-alleged and incorporated herein by reference.

41. This is an action against Defendant for discrimination based upon sex brought under 42 U.S.C. §2000e et seq..

42. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are male and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's sex.

43. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

44. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

45. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

46. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a sex-based nature and in violation of the laws set forth herein.

47. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

48. The events set forth herein led, at least in part, to Defendant's failure to promote Plaintiff based on contrived allegations and other adverse actions set forth above.

49. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §2000e et seq..

50. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of

enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to equitable/injunctive relief and compensatory damages.

## COUNT III
## RETALIATION

51. Paragraphs 1 through 28 are re-alleged and incorporated herein by reference.

52. This is an action against Defendant for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C. § 2000e et seq..

53. Defendant is an employer as that term is used under the applicable statutes referenced above.

54. The foregoing unlawful actions by Defendant were purposeful.

55. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and has been the victim of retaliation thereafter.

56. The events set forth herein have led, at least in part, to adverse actions against Plaintiff.

57. Plaintiff is a member of a protected class because she reported unlawful employment practices and has been the victim of retaliation thereafter.

There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

58. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, lost opportunities, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive/equitable relief and compensatory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Dated this 7th day of July 2021.

                                               Respectfully submitted,

                                               /s/ Marie A. Mattox
                                               Marie A. Mattox [FBN 0739685]
                                               MARIE A. MATTOX, P.A.
                                               203 North Gadsden Street
                                               Tallahassee, FL 32301
                                               Telephone: (850) 383-4800
                                               Facsimile: (850) 383-4801

                                               ATTORNEYS FOR PLAINTIFF